

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**CLIFTON I. SPARKS,**

Petitioner,

v.                                                                                  Civil Action No. **3:15CV482**

**HAROLD W. CLARKE,**

Respondent.

## REPORT AND RECOMMENDATION

Clifton I. Sparks, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 (hereinafter "§ 2254 Petition, ECF No. 1) challenging his conviction in the Circuit Court of the County of Chesterfield County, Virginia ("Circuit Court"). The matter is before the Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). Because it is apparent from the record that Sparks has failed to exhaust his state court remedies as to all of his claims, and for the reasons stated below, it is RECOMMENDED that the Court DISMISS WITHOUT PREJUDICE Sparks's § 2254 Petition.

### A.    Procedural History

After a bench trial, the Circuit Court convicted Sparks of five counts of possession of schedule I/II drugs with the intent to distribute and one count of possession of schedule III drugs with the intent to distribute. (§ 2254 Pet. ¶ 5.) According to Sparks, the Circuit Court sentenced Sparks to a three-and-a-half year active term of imprisonment. (*Id.* ¶ 3.) Sparks appealed, and the Court of Appeals of Virginia dismissed the appeal because counsel failed to file the requisite transcripts. (*Id.* ¶ 9(e); *id.* Ex. 22, at 1-3.) Sparks then filed a petition for a writ of habeas corpus in the Circuit Court. (*Id.* ¶ 11(a).) Additionally, Sparks filed a petition for a writ of habeas

corpus in the Supreme Court of Virginia. (*Id.* ¶ 11(b)). On September 22, 2014, the Supreme Court of Virginia granted Sparks the right to seek a delayed appeal. (*See id.* Ex. 43, at 1-2.)

On October 30, 2014, Sparks noted his second appeal to the Court of Appeals of Virginia.[1] On September 21, 2015, the Court of Appeals of Virginia denied Sparks's request for a three-judge panel to review his petition. On October 22, 2015, Sparks filed his petition for appeal with the Supreme Court of Virginia.[2] That appeal is currently pending.

On August 18, 2015, the Court received Sparks's § 2254 Petition. In his § 2254 Petition, Sparks acknowledges that "the petitioner of pro se status knows the belated appeal hasn't been initiated and the Supreme Court writ isn't successive. The habeas corpus claim[s] have not been adjudicated on their merits and are subject to 'piecemeal litigations.'" (§ 2254 Pet. ¶ 18 (punctuation corrected).) He concedes that "the petitioner filed the federal habeas corpus in advance, so the federal petition isn't barred. The petitioner appeal process started August 15, 2013 and hasn't been resolved." (*Id.* (capitalization corrected).)

### B. Exhaustion and Procedural Default

#### 1. Applicable Law

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in

---

[1] *See* http://www.courts.state.va.us (select "Case Status and Information;" select "Court of Appeals of Virginia" from drop-down menu; then follow "ACMS–SCV" button; select Appellant/Petitioner," type "Sparks, Clifton," and then follow "Search" button; then follow hyperlinks for CAV Record # "1977-14-2") (last visited Nov. 10, 2015).

[2] *See* http://www.courts.state.va.us (select "Case Status and Information;" select "Supreme Court of Virginia" from drop-down menu; then follow "ACMS–SCV" button; select Appellant/Petitioner," type "Sparks, Clifton," and then follow "Search" button; then follow hyperlinks for SCV Record # "151608") (last visited Nov. 10, 2015).

Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365-66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01-654(A)(1) (West 2014). "'Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.'" *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); *see also Sparrow*, 439 F. Supp. 2d at 587.

It is unclear from the record whether Sparks has raised all of the claims in his instant petition before the Supreme Court of Virginia. Nevertheless, the record clearly shows that even if Sparks has presented all of the claims he raises in the instant § 2254 Petition to the Supreme Court of Virginia, he has not received a ruling from the Supreme Court of Virginia on his direct appeal.[3] Sparks's claims are clearly unexhausted.

### C. Request for Stay and Abeyance and Preliminary Injunction

On September 28, 2015, the Court received from Sparks a short letter wherein he "request[s] a stay and abeyance in [this] writ until the matter may be adjudicated on [its] merits . . . ." (Letter 1, ECF No. 3). The United States Supreme Court has approved the use of a "stay-and-abeyance" procedure in the case of certain "mixed" federal habeas corpus petitions, i.e., those petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 274-76 (2005). However, "granting a stay effectively excuses a petitioner's failure to

---

[3] Several of the claims Sparks alleges in his § 2254 Petition are claims appropriately brought in a direct criminal appeal, including a challenge to the sufficiency of the evidence (§ 2254 Pet. 9) and prosecutorial misconduct (*id.* at 7).

present his claims first to the state courts," which is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Sparks has offered no argument as to why this Court should allow a stay and abeyance for the instant § 2254 Petition. Because Sparks fails to demonstrate good cause for his failure to exhaust his claims in state court, it is RECOMMENDED that the Court DENY Sparks's request for stay and abeyance.

Sparks also filed an "Order to Release or Show Cause for a Preliminary Injunction" wherein he asks the Court to grant him habeas corpus relief due to state court errors and asks the Court to release him. ("Show Cause Motion," ECF No. 4.) Sparks fails to identify the procedural vehicle that would allow this Court to grant him relief in the form of his release from incarceration during the pendency of his appeal in the state court. Because Sparks's claims within his § 2254 Petition are unexhausted, and Sparks must first give the state courts an opportunity to address his claims, it is RECOMMENDED that the Court DENY the Show Cause Motion.

### D.     Conclusion

For the foregoing reasons, it is RECOMMENDED that the Court DISMISS WITHOUT PREJUDICE Sparks's § 2254 Petition for him to refile once he has exhausted his state court remedies. It is also RECOMMENDED that the Court DENY the request for stay and abeyance (ECF No. 3) and DENY the Show Cause Motion (ECF No. 4).

Sparks is advised that he may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. *See* Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the

Report and Recommendation may result in the dismissal of his claims, and it may also preclude

further review or appeal from such judgment. *See Carr v. Hutto*, 737 F.2d 433, 434 (4th Cir.

1984).

      The Clerk is directed to send a copy of this Report and Recommendation to Sparks and

counsel of record.

      It is so ORDERED.

                                    /s/

                               Roderick C. Young

Date: NOV 1 7 2015              United States Magistrate Judge

Richmond, Virginia