
FILED
MAR 10 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CLIFTON I. SPARKS,**

    Petitioner,

v.                                               Civil Action No. **3:15CV482**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Clifton I. Sparks, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1) challenging his convictions in the Circuit Court of Chesterfield County, Virginia ("Circuit Court"). On November 17, 2015, the Magistrate Judge issued a Report and Recommendation that recommended dismissing Sparks's § 2254 Petition without prejudice because of Sparks's failure to exhaust state court remedies. (ECF No. 5.) Sparks has filed an objection. (ECF No. 7.) For the reasons that follow, Sparks's objection will be OVERRULED, and the action will be DISMISSED WITHOUT PREJUDICE.

### I.    BACKGROUND

The Magistrate Judge made the following findings and recommendations:

#### A.    Procedural History

After a bench trial, the Circuit Court convicted Sparks of five counts of possession of schedule I/II drugs with the intent to distribute and one count of possession of schedule III drugs with the intent to distribute. (§ 2254 Pet. ¶ 5.) According to Sparks, the Circuit Court sentenced Sparks to a three-and-a-half year active term of imprisonment. (*Id.* ¶ 3.) Sparks appealed, and the Court of Appeals of Virginia dismissed the appeal because counsel failed to file the requisite transcripts. (*Id.* ¶ 9(e); *id.* Ex. 22, at 1-3.) Sparks then filed a petition for a writ of habeas corpus in the Circuit Court. (*Id.* ¶ 11(a).) Additionally, Sparks filed a petition for a writ of habeas corpus in the Supreme Court of

Virginia. (*Id.* ¶ 11(b)). On September 22, 2014, the Supreme Court of Virginia granted Sparks the right to seek a delayed appeal. (*See id.* Ex. 43, at 1-2.)

On October 30, 2014, Sparks noted his second appeal to the Court of Appeals of Virginia.[1] On September 21, 2015, the Court of Appeals of Virginia denied Sparks's request for a three-judge panel to review his petition. On October 22, 2015, Sparks filed his petition for appeal with the Supreme Court of Virginia.[2] That appeal is currently pending.

On August 18, 2015, the Court received Sparks's § 2254 Petition. In his § 2254 Petition, Sparks acknowledges that "the petitioner of pro se status knows the belated appeal hasn't been initiated and the Supreme Court writ isn't successive. The habeas corpus claim[s] have not been adjudicated on their merits and are subject to 'piecemeal litigations.'" (§ 2254 Pet. ¶ 18 (punctuation corrected).) He concedes that "the petitioner filed the federal habeas corpus in advance, so the federal petition isn't barred. The petitioner appeal process started August 15, 2013 and hasn't been resolved." (*Id.* (capitalization corrected).)

### B. Exhaustion and Procedural Default

#### 1. Applicable Law

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n. 10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-48 (1999). As to whether a petitioner has used all

---

[1] *See* http://www.courts.state.va.us (select "Case Status and Information;" select "Court of Appeals of Virginia" from drop-down menu; then follow "ACMS–SCV" button; select Appellant/Petitioner," type "Sparks, Clifton," and then follow "Search" button; then follow hyperlinks for CAV Record # "1977-14-2") (last visited Nov. 10, 2015).

[2] *See* http://www.courts.state.va.us (select "Case Status and Information;" select "Supreme Court of Virginia" from drop-down menu; then follow "ACMS–SCV" button; select Appellant/Petitioner," type "Sparks, Clifton," and then follow "Search" button; then follow hyperlinks for SCV Record # "151608") (last visited Nov. 10, 2015).

available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365-66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code Ann. § 8.01-654(A)(1) (West 2014). "'Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.'" *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005)); *see also Sparrow*, 439 F. Supp. 2d at 587.

It is unclear from the record whether Sparks has raised all of the claims in his instant petition before the Supreme Court of Virginia. Nevertheless, the record clearly shows that even if Sparks has presented all of the claims he raises in the instant § 2254 Petition to the Supreme Court of Virginia, he has not received a ruling from the Supreme Court of Virginia on his direct appeal.[3] Sparks's claims are clearly unexhausted.

### C.  Request for Stay and Abeyance and Preliminary Injunction

On September 28, 2015, the Court received from Sparks a short letter wherein he "request[s] a stay and abeyance in [this] writ until the matter may be

---

[3] Several of the claims Sparks alleges in his § 2254 Petition are claims appropriately brought in a direct criminal appeal, including a challenge to the sufficiency of the evidence (§ 2254 Pet. 9) and prosecutorial misconduct (*id.* at 7).

3

> adjudicated on [its] merits . . . ." (Letter 1, ECF No. 3). The United States Supreme Court has approved the use of a "stay-and-abeyance" procedure in the case of certain "mixed" federal habeas corpus petitions, i.e., those petitions that contain both exhausted and unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 274-76 (2005). However, "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts," which is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Sparks has offered no argument as to why this Court should allow a stay and abeyance for the instant § 2254 Petition. Because Sparks fails to demonstrate good cause for his failure to exhaust his claims in state court, it is RECOMMENDED that the Court DENY Sparks's request for stay and abeyance.
>
> Sparks also filed an "Order to Release or Show Cause for a Preliminary Injunction" wherein he asks the Court to grant him habeas corpus relief due to state court errors and asks the Court to release him. ("Show Cause Motion," ECF No. 4.) Sparks fails to identify the procedural vehicle that would allow this Court to grant him relief in the form of his release from incarceration during the pendency of his appeal in the state court. Because Sparks's claims within his § 2254 Petition are unexhausted, and Sparks must first give the state courts an opportunity to address his claims, it is RECOMMENDED that the Court DENY the Show Cause Motion.
>
> **D.     Conclusion**
>
> For the foregoing reasons, it is RECOMMENDED that the Court DISMISS WITHOUT PREJUDICE Sparks's § 2254 Petition for him to refile once he has exhausted his state court remedies. It is also RECOMMENDED that the Court DENY the request for stay and abeyance (ECF No. 3) and DENY the Show Cause Motion (ECF No. 4).

(Report and Recommendation 1-5 (alterations and omissions in original).)

## II.     STANDARD OF REVIEW

"The magistrate [judge] makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's

4

report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

### III. SPARKS'S OBJECTION

As an initial matter, Sparks wholly failed to follow the directives in the Report and Recommendation. His submission lacks a numbered list of objections, and the majority of his narrative consists of citations to and quotations from case law. Despite Sparks's failure to comply with the Court's directives, and without the benefit of the numbered list, the Court construes Sparks to raise one objection. Sparks contends that his failure to exhaust his state court remedies should be excused because "[t]he fact [that the Commonwealth] of Virginia hasn't resolved [his] appeal within the two years allotted, validates the state ineffectiveness of a corrective process." (Obj. at 4.)

A writ of habeas corpus under § 2254 "shall not be granted unless it appears that—**(A)** the applicant has exhausted the remedies available in the courts of the State; or **(B)(i)** there is an absence of available State corrective process; or **(ii)** circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). "State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." *Ward v. Freeman*, No. 94-6424, 1995 WL 48002, at *1 (4th Cir. Feb. 8, 1995) (citations omitted). "[U]ndue delay in processing an appeal *may* rise to the level of a due process violation." *United States v. Johnson*, 732 F.2d 379, 381 (4th Cir. 1984) (citations omitted); *see also Ward*, 1995 WL 48002, at *1 (holding that fifteen-year delay in processing appeal rendered state court remedies

5

ineffective); *Mathis v. Hood*, 851 F.2d 612, 614-15 (2d Cir. 1988) (holding nearly six-year delay in processing appeal rendered state court procedures ineffective); *Wojtczak v. Fulcomer*, 800 F.2d 353, 354-56 (3d Cir. 1986) (concluding that thirty-three month delay rendered state court remedies ineffective).

As the Magistrate Judge indicated, Sparks noted his second appeal to the Court of Appeals of Virginia on October 30, 2014. *See supra* Part I.A. On September 21, 2015, the Court of Appeals of Virginia denied Sparks's request for a three-judge panel to review his petition. *See id.* Sparks filed his petition for appeal with the Supreme Court of Virginia on October 22, 2015. *See id.* Contrary to Sparks's claim, the direct appeal process has been ongoing for one year and three months. His appeal to the Supreme Court of Virginia has only been pending for three months. Given this, the Court cannot conclude that the pendency of his appeal before the Supreme Court of Virginia renders state court procedures ineffective. *Cf. Burton v. S.C. Dep't of Corr.*, No. 8:05-0358-MBS, 2005 WL 3465858, at *6 (D.S.C. Dec. 16, 2005) (explaining that the fact that the state court had not ruled on a habeas claim "for seven months does not justify excusing him from the exhaustion requirement"). "For this court to entertain [Sparks's] petition when his state action is still pending would obviously interfere with an ongoing state court proceeding in which [Sparks] might yet obtain the relief he seeks." *Id.* Accordingly, Sparks's objection will be OVERRULED.

## IV. CONCLUSION

Sparks's objection will be OVERRULED. The Report and Recommendation will be ACCEPTED and ADOPTED. The Court will DENY Sparks's request for a stay and abeyance (ECF No. 3) and will DENY the Show Cause Motion (ECF No. 4). The Court will DISMISS

WITHOUT PREJUDICE Sparks's § 2254 Petition (ECF No. 1). Sparks may refile once he has exhausted his state court remedies.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Sparks fails to meet this standard. A certificate of appealability will therefore be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: MAR 1 0 2016
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

7